IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE NATIONAL INSURANCE
COMPANY, a/s/o N140DA, LLC,

      Plaintiff,

v.                                                   Case No. 17-1077-JWB

TEXTRON AVIATION, INC., et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant TAT Technologies' Ltd. ("TAT") motion to dismiss for lack of personal jurisdiction. (Doc. 42.) The motion has been fully briefed and is ripe for decision. (Docs. 50,51.)

**I.   Procedural History and Relevant Facts**

Plaintiff State National Insurance Company filed this action as subrogee of N140DA, LLC. (Doc. 5 at 1.) The action was originally filed in the Northern District of Oklahoma. Plaintiff brought this action against Textron[1], Limco Airepair[2] and TAT. Prior to service on TAT, Plaintiff and Textron agreed to transfer this action to this district. (Doc. 27.)

The amended complaint, which was originally filed while the case was pending in Oklahoma, alleges that TAT is a foreign company with its principal place of business in Israel. Limco is a domestic corporation with its principal place of business in Tulsa, Oklahoma, and is a licensed distributor for TAT. Textron is incorporated in Kansas and has its principal place of

---

[1] The amended complaint names Cessna as a defendant. Cessna was later corrected to Textron Aviation as Cessna merged into Textron on December 31, 2016. (Doc. 18.)

[2] Limco has been dismissed from this action by stipulation. (Doc. 26.)

business in Wichita, Kansas.  Plaintiff further alleges that venue is proper in Oklahoma because a substantial part of the events at issue occurred in Tulsa County.

Plaintiff has alleged product liability claims due to an alleged failure of a heat exchanger ("precooler") that was installed on a Citation Model 525A, serial number 525A140 (the "aircraft") by Textron.  Plaintiff alleges that the precooler was "designed, manufactured, and marketed by Defendant TAT and distributed by Defendant Limco."  (Doc. 5 at 5.)  Textron manufactured the aircraft and sold it in new condition to N140DA, LLC in 2003.  The amended complaint alleges that Textron and TAT "have sufficient contacts with the State of Oklahoma to be subject to the jurisdiction of this court due to the placing of their products into the stream of commerce within the state of Oklahoma."  (Doc. 5 at 2.)

On December 9, 2014, there were significant damages to the aircraft, which allegedly occurred in Tulsa, due to the failure of the precooler in the right wing.[3]  (Doc. 5 at 3-5, Exh. 1.)  Plaintiff paid for the costs to repair the aircraft.  Plaintiff brings this action to recover its damages.

**II.     Analysis**

TAT moves to dismiss the amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the court has personal jurisdiction over defendants.  *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).  The court must accept the allegations in the amended complaint as true and resolve all factual disputes in Plaintiff's favor notwithstanding contrary positions by TAT. *Id.*

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the

---

[3] There was a previous failure of the precooler in the left wing in 2010.  The claims raised in this case, however, are to recover damages for the 2014 failure in the right wing.

2

exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903.

Plaintiff contends that the amended complaint establishes specific jurisdiction in this matter. (Doc. 50 at 4.) Specific jurisdiction applies when the suit arises out of or relates to a defendant's contacts with the forum state. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 613 (10th Cir. 2012). To satisfy specific jurisdiction, Plaintiff's injury "must arise out of or relate to activities that [defendants] purposefully directed at residents of the forum." *Id.* at 617. Plaintiff argues that this action arises out of TAT's contacts with Kansas because TAT "sold the precoolers to a Kansas manufacturer for purposes of them being incorporated into aircrafts manufactured and sold in Kansas." (Doc. 50 at 4.)

3

TAT argues in its motion that Plaintiff's amended complaint makes no assertion that personal jurisdiction is proper in this court and that no facts relate to any activities TAT undertook in Kansas.  (Doc. 42 at 2.)  TAT's motion includes an affidavit which attests to the fact that TAT does not have any operations in Kansas, had no interaction with the purchaser, does not maintain an office in Kansas, does not advertise or solicit business in Kansas and has no assets or accounts in Kansas.  Plaintiff's brief in response to TAT's motion largely cites to an opinion by Judge Lungstrum in *Federal Insurance Company v. TAT*.  (Doc. 50 at 4-5.)

As stated by TAT in its reply brief, a finding of specific jurisdiction is based on the facts in a particular case.  *See Old Republic Ins. Co.*, 877 F.3d at 903 ("specific (case-linked) jurisdiction").  In this matter, Plaintiff argues that there are sufficient contacts with Kansas due to TAT's actions (or, alternatively, the actions of Limco as TAT's wholly owned subsidiary).  However, the amended complaint only refers to Kansas with respect to the allegations that Textron (Cessna) is incorporated in Kansas and has a principal place of business in Wichita, Kansas.  The amended complaint is silent on issues that may tend to show TAT's activities in Kansas.  Notably, the amended complaint fails to allege where the precooler was sold and shipped to and where the aircraft was manufactured.

In *Federal Insurance Company v. TAT*, the court specifically found that TAT sold and shipped the precooler to Textron in Kansas and that Textron manufactured the aircraft in Kansas.  No. 16-2755-JWL, 2017 WL 5970827 (D. Kan. Dec. 1, 2017); *see also TAT*, No. 16-2755-JWL, (Doc. 54, Order Denying Motion for Reconsideration) ("In the present case as well, defendant shipped its (allegedly defective) part into Kansas for use there (use in the manufacture of an airplane…. As the Court explained in its prior order, in this case defendant did not merely have contact with a forum resident (the airplane manufacturer), but it also had contact with the forum

4

itself when it knowingly and intentionally shipped its part to Kansas, and the claims at issue arose directly from that contact.")  In its response, Plaintiff argues that

> The First Amended Complaint also alleges Textron installed the precoolers into the Aircraft and then placed the entire Aircraft, including the precoolers, in the stream of commerce.  See id. ¶ 15.  Most importantly, the First Amended Complaint alleges that either TAT and/or its wholly owned subsidiary sold the precoolers to Textron without warning potential consumers of the defects.  See Id. ¶ 24, 25, 27.

(Doc. 50 at 2.)  However, those paragraphs identified by Plaintiff do not specifically allege that these actions occurred in Kansas.

The court cannot merely assume that the precooler was shipped to Kansas by TAT and that the aircraft was manufactured in Kansas.  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1508 (10th Cir. 1995) ("The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading.")  "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'"  *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L.Ed. 1135 (1936)).

The allegation that TAT (or Limco) sold the precooler to Textron, without any additional allegations regarding where the precooler was sold and shipped and where the aircraft was manufactured, is not sufficient to establish that TAT purposefully directed its activities at the forum state.  *Cf. Federal Insurance Company v. TAT*, 2017 WL 5970827; *Old Republic Ins. Co.*, 877 F.3d at 905 ("where the defendant deliberately has engaged in significant activities within a State, ... he manifestly has availed himself of the privilege of conducting business there.")

**III.     Conclusion**

The court finds that Plaintiff's amended complaint fails to establish that this court has personal jurisdiction over TAT.  As Plaintiff has requested an opportunity to amend and, presumably, will add allegations regarding TAT's contacts with Kansas, Plaintiff will be granted two weeks from the date of this order to file an amended complaint.  If Plaintiff does not timely file a second amended complaint, TAT's motion to dismiss will be granted for the reasons stated herein and TAT will be dismissed from this action.

IT IS SO ORDERED this 24th day of May, 2018.

        __s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE